CLD-438                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-2981

_____

THE RESOLUTION TRUST CORP., IN ITS CAPACITIES AS RECEIVER FOR
ATLANTIC FINANCIAL FEDERAL AND AS CONSERVATOR FOR ATLANTIC
FINANCIAL SAVINGS, F.A.; ATLANTIC FINANCIAL SAVINGS, F.A.

v.

MICHAEL R. SHEMONSKY,

                                                          Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2-91-cv-02712)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 26, 2013

Before: RENDELL, JORDAN and SHWARTZ, <u>Circuit Judges</u>

(Opinion filed:  October 16, 2013)

_____

**OPINION**

_____

PER CURIAM

         Pro se appellant Michael Shemonsky appeals from an order of the District Court

denying his "Motion for Payment of Marketable Securities."  We will summarily affirm

because the appeal does not present a substantial question.

Shemonsky has filed many unsuccessful lawsuits and appeals involving allegations that Atlantic Financial Federal owes him money. In 1991, the District Court granted summary judgment in favor of Resolution Trust Corporation, the receiver for Atlantic Financial Federal, and enjoined Shemonsky from, among other things, representing that he was an agent of Atlantic Financial Federal, entering the company's property, and communicating any threat to any agent of the company. Resolution Trust Corp. v. Shemonsky, E.D. Pa. Civ. No. 91-cv-02712 (order entered on Sept. 10, 1991). In 2002, Shemonsky moved to reopen the case. The District Court dismissed the matter after Shemonsky failed to respond to a show cause order. Resolution Trust Corp. v. Shemonsky, E.D. Pa. Civ. No. 91-cv-02712 (order entered on Jan. 15, 2003). We affirmed. Resolution Trust Corp. v. Shemonsky, No. 03-2925, slip op. at 1 (3d Cir. July 12, 2004) (nonprecedential opinion). In 2012, Shemonsky filed a "Motion for Payment of Marketable Securities," seeking money from Resolution Trust Corporation. The District Court denied the motion on the basis that it did not state any grounds for reopening the closed case. Shemonsky appealed, and shortly thereafter filed a motion for reconsideration. The District Court denied the motion, again on the basis that Shemonsky failed to state any grounds that would entitle him to reopen the case.

We have jurisdiction pursuant to 28 U.S.C. § 1291. More than twenty years have passed since summary judgment was granted in favor of Resolution Trust Corporation. Nonetheless, Shemonsky filed a motion in District Court seeking payment from it

2

without presenting sufficient grounds for reopening the proceedings and altering the prior judgment. Accordingly, we will summarily affirm the District Court's orders denying Shemonsky's motions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Shemonsky's "Motion for Obstruction of Justice" and "Joint Article I and III Motion" are denied.